UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Design Basics, LLC

    v.                           Civil No. 15-cv-309-LM
                                 Opinion No. 2016 DNH 069
R.J. Moreau Communities, LLC

O R D E R

Design Basics, LLC brings a copyright infringement claim against R.J. Moreau Communities, LLC ("R.J. Moreau"), alleging that R.J. Moreau used its copyrighted designs to market, sell, and build residential homes.  Currently before the court is Design Basics's motion to amend its complaint (doc. no. 16) to add Reginald Moreau and Jon Lariviere as defendants and to add allegations concerning additional infringements.  R.J. Moreau objects (doc. no. 17).

Legal Standard

Under Federal Rule of Civil Procedure 15(a), a plaintiff can amend its complaint "once as a matter of course" up to 21 days after a motion to dismiss or answer has been served.  See Fed. R. Civ. P. 15(a)(1).  When a plaintiff seeks to amend its complaint after that time, as Design Basics does here, it may do so "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should

freely give leave when justice so requires." Id. "A proposed amendment seeking to add new parties 'is technically governed by [Federal Rule of Civil Procedure] 21,' but the 'same standard of liberality' applies under either rule." Podkulski v. Doe, No. 11-CV-102-JL, 2014 WL 5662780, at *1 (D.N.H. Nov. 3, 2014) (quoting Garcia v. Pancho Villa's of Huntington Vill., Inc., 268 F.R.D. 160, 165 (E.D.N.Y. 2010)).

If, however, the deadline for amending pleadings contained in a scheduling order has lapsed, a motion to amend a pleading is assessed under Federal Rule of Civil Procedure 16, which governs the modification of scheduling orders. U.S. ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 192 (1st Cir. 2015); see also Fed. R. Civ. P. 16(b)(4). Under Rule 16, a party must show "good cause" to amend its pleading after the deadline for doing so has lapsed. Fed. R. Civ. P. 16(b)(4). The parties dispute whether the motion to amend complies with the deadline in the relevant scheduling order, and therefore the applicable legal standard is in dispute.

## Background

Design Basics brought a copyright infringement claim against R.J. Moreau on August 4, 2015 under 17 U.S.C. §§ 101, et seq. (the "Copyright Act"). The complaint alleges that R.J. Moreau infringed Design Basics's copyrights in its architectural

designs and technical drawings by using those works to market, sell, and build residential homes for consumers.  R.J. Moreau answered Design Basics's complaint on September 8, 2015.  See Answer (doc. no. 6).  Pursuant to Federal Rule of Civil Procedure 26(f), the parties submitted a proposed joint discovery plan on October 16, 2015.  See Prop. Disc. Plan (doc. no. 14); see also Fed. R. Civ. P. 26(f)(2)&(3).  Under that plan, Design Basics was required to "join any additional parties on or before January 21, 2016."  Prop. Disc. Plan (doc. no. 14) ¶ 21(A).  The plan also provides that Design Basics must "file amendments to pleadings on or before February 25, 2016."  Id. ¶ 23(A).

Three days after the parties filed the discovery plan, the magistrate judge issued an endorsed order on the docket approving the plan as a pretrial scheduling order subject to certain modifications.  That order provided, in pertinent part, that the "[p]roposed discovery plan . . . [was] [a]pproved and adopted as a pretrial scheduling order with the following modification[]: The deadline for disclosure of claims against unnamed parties is set for December 22, 2015."  See Order, Oct. 19, 2015.

On January 21, 2016, Design Basics moved to amend its complaint.  The proposed amended complaint, which is attached to the motion as an exhibit, see Mot. Amend Compl., Ex. A (doc. no.

3

16-2), adds new claims against Moreau and Lariviere, who are alleged to be managing members of R.J. Moreau, for copyright infringement based on the doctrine of vicarious liability.  The proposed amended complaint also adds an allegation concerning additional acts of infringement by R.J. Moreau.  R.J. Moreau objects.

<u>Discussion</u>

R.J. Moreau argues that Design Basics's motion should be denied because it does not comply with the deadline in the pretrial scheduling order, which, it contends, prohibits Design Basics from adding new parties after December 22.  R.J. Moreau also contends that the court should deny Design Basics's motion to amend because the new proposed claims would prejudice Moreau and Lariviere and would be futile.[1]  In response, Design Basics argues that its motion to amend complies with the scheduling order and that the claims against Moreau and Lariviere are neither prejudicial nor futile.

---

[1] R.J. Moreau does not challenge Design Basics's motion to amend as it pertains to the proposed new allegation.  That portion of Design Basics's motion is presumably timely under the scheduling order, which adopted the parties' proposed deadline of February 25 for Design Basics to amend its pleadings.

I.    The Deadline to Join Parties

R.J. Moreau argues that the scheduling order modified the parties' proposed January 21, 2016 deadline for Design Basics to join new parties by moving it to December 22, 2015.  In support of this argument, R.J. Moreau points to the provision in the scheduling order that requires the "disclosure of claims against unnamed parties" by December 22, 2015.  Design Basics, on the other hand, argues that the scheduling order did not alter the discovery plan's proposed deadline for it to add parties.  It contends that the provision in the scheduling order setting a deadline for the "disclosure of claims against unnamed parties" applies only to claims under state law where the defendant contends that an unnamed party is responsible.  The court agrees.

The local rules of this district require that "[t]he discovery plan referenced in Fed. R. Civ. P. 26(f) shall substantially conform to Civil Form 2, Discovery Plan."  L.R. 26.1.  Civil Form 2, which is a form discovery plan, contains the following provision:

> **DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** If defendant(s) claim that unnamed parties are at fault on a state law claim (see DeBenedetto v. CLD Consulting Engineers, Inc., 153 N.H. 793 (2006)), defendant(s) shall disclose the identity of every such party and the basis of the allegation of fault no later than [no later than 30 days before the Joinder of Additional Parties deadline and 45 days before the Plaintiff's

Expert Disclosure deadline]. Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

See L.R., App. Forms, Civil Form 2, at 3.

The parties' discovery plan did not contain this deadline. To ensure substantial compliance with Civil Form 2, as required under L.R. 26.1, the scheduling order modified the parties' proposed discovery plan by including a corresponding "deadline for disclosure of claims against unnamed parties" on December 22. See Order, Oct. 19, 2015. That deadline has no bearing on this action, as it is currently pled. As the language in Civil Form 2 suggests, the deadline to add unnamed parties applies only to defendants of state law claims who seek to prove that a party not named in the action is at fault. See L.R., App. Forms, Civil Form 2; see also DeBenedetto v. CLD Consulting Eng'rs, Inc., 153 N.H. 793, 804 (2006).

Here, Design Basics is the plaintiff, and it brings only federal claims. Accordingly, the scheduling order did not alter the January 21 deadline in the parties' discovery plan for Design Basics to join additional parties. Because Design Basics moved to add Moreau and Lariviere by the January 21, 2016 deadline, its motion to amend the complaint complies with the deadlines in the scheduling order.

II.   Leave to File an Amended Complaint

As discussed above, approval to file an amended pleading
prior to the deadline in a scheduling order is freely given
"when justice so requires." Podkulski, 2014 WL 5662780, at *1
(internal quotations omitted).  Under this standard, leave to
amend should be granted absent "any apparent or declared reason—
such as undue delay, bad faith or dilatory motive on the part of
the movant, repeated failure to cure deficiencies by amendments
previously allowed, undue prejudice to the opposing party by
virtue of allowance of the amendment, futility of amendment,
etc." Klunder v. Brown Univ., 778 F.3d 24, 34 (1st Cir. 2015)
(quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

R.J. Moreau contends the court should not allow Design
Basics to amend its complaint because the addition of the
vicarious infringement claims would prejudice Moreau and
Lariviere and because the new claims would be futile.[2]  Neither
of these reasons is persuasive.

A. Prejudice

R.J. Moreau argues that Moreau and Lariviere would be
prejudiced because Design Basics is attempting to bring claims

_____

[2] R.J. Moreau also argues that the court should decline to
grant Design Basics leave because it "delay[ed] in moving to add
claims against unnamed parties."  Obj. (doc. no. 17) 1.  But, as
discussed above, there was no such delay under the scheduling
order.

"long after the alleged acts occurred."  Obj. (doc. no. 17) 1-2.
R.J. Moreau further argues that because some of the acts at
issue here occurred nearly a decade ago, Moreau and Lariviere
"could be deprived of evidence critical to their defense."
Surreply (doc. no. 21) 2.  "The question of [a claim's]
timeliness is governed by the applicable statute of limitations,
subject to the relation back doctrines of Rule 15(c)."  Coons v.
Indus. Knife Co., 620 F.3d 38, 43 (1st Cir. 2010).  R.J. Moreau
does not contend that the claims that Design Basics seeks to add
are barred under the Copyright Act's statute of limitations.
Therefore, R.J. Moreau has failed to show prejudice based on the
timeliness of the claims against Moreau and Lariviere.

B. <u>Futility</u>

R.J. Moreau also argues that the court should deny Design
Basics's motion because the claims against Moreau and Lariviere
would be futile.  "To determine whether a proposed amended
complaint would be futile, the court uses the standard for
motions to dismiss pursuant to Federal Rule of Civil Procedure
12(b)(6)."  Drew v. New Hampshire, No. 14-CV-462-JD, 2015 WL
847449, at *1 (D.N.H. Feb. 26, 2015).  "Under the Rule 12(b)(6)
standard, the court must take the factual allegations in the
complaint as true, with reasonable inferences in the plaintiff's
favor, and 'determine whether the factual allegations in the

plaintiff's complaint set forth a plausible claim upon which relief may be granted.'"  Id. (quoting Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014)).

"Vicarious copyright infringement occurs when a defendant has both the right and ability to supervise the infringing activities and an obvious and direct financial interest in the exploitation of copyrighted materials."  Broad. Music, Inc. v. PJML, Inc., No. 13-cv-12212-IT, 2015 WL 5737140, at *2 (D. Mass. Sept. 30, 2015) (internal quotation marks omitted); see also MGM Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005) ("One . . . infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it.").[3]  Further, to plead vicarious copyright infringement, a plaintiff must also allege direct copyright

---

[3] R.J. Moreau relies on Dangler v. Imperial Mach. Co., 11 F.2d 945, 947 (7th Cir. 1926), which held that an officer must "act willfully and knowingly" to be liable for a corporation's infringement.  Dangler, however, is inconsistent with First Circuit precedent, which allows liability for vicarious copyright infringement even when the infringement occurs without the defendant's knowledge.  See Famous Music Corp. v. Bay State Harness Horse Racing & Breeding Ass'n, Inc., 554 F.2d 1213, 1214-15 (1st Cir. 1977).  Further, Dangler is in tension with the "widely accepted" two-prong standard for vicarious copyright infringement.  See White v. Marshall, 693 F. Supp. 2d 873, 887 (E.D. Wis. 2009) (reconciling Dangler with the modern standard for vicarious copyright liability).  For these reasons, the court concludes that Dangler is inapplicable.

infringement.  Int'l Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc., 64 F. Supp. 3d 494, 516 (S.D.N.Y. 2014).

The proposed amended complaint alleges that R.J. Moreau infringed Design Basics's copyrights by using its designs and technical drawings to market, sell, and build residential homes. It also alleges that Moreau and Lariviere were members of R.J. Moreau and had "primary responsibility for [R.J. Moreau's] operation and management" during the infringing activity.  Mot. Amend Compl. (doc. no. 16-2) ¶¶ 3-4, 22.  Therefore, it is reasonable to infer that both Moreau and Lariviere had the right and ability to supervise the alleged infringing activity.

In addition, the proposed amended complaint alleges that Moreau and Lariviere had "an obvious and direct financial interest" in R.J. Moreau.  Id.  Based on that allegation, it is reasonable to infer that the infringing activity, which allegedly facilitated R.J. Moreau's sale of residential homes, also financially benefitted Moreau and Lariviere.  For these reasons, the proposed amended complaint states a plausible claim for vicarious infringement.

Conclusion

For the foregoing reasons, Design Basics's motion to amend the complaint (doc. no. 16) is granted.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 29, 2016

cc:  Edric Bautista, Esq.
     Michael C. Harvell, Esq.
     Jennie C. Knapp, Esq.
     Michael J. Lambert, Esq.
     Rick I. Lambert, Esq.
     Scott T. Ober, Esq.
     John Piegore, Esq.
     Sean J. Taylor, Esq.